Slip Op. 11 - 156

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| C.B. IMPORTS TRANSAMERICA CORP., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Donald C. Pogue, Chief Judge <br><br> Court No. 11-00036 |

OPINION

[Granting Defendant's motion to dismiss]

Dated: December 14, 2011

   Peter S. Herrick of Miami, FL, for Plaintiff.

   Jason M. Kenner, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant. With him on the brief were Tony West, Assistant Attorney General and Barbara S. Williams, Attorney in Charge, International Trade Field Office. Of counsel on the brief was Beth Brotman, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of New York, NY.

   **Pogue, Chief Judge**: In this matter, Plaintiff, C.B. Imports Transamerica Corporation ("C.B. Imports"), seeks review of the liquidation, by the Defendant, United States Customs and Border Protection ("Customs"), of an entry of automotive safety glass from the People's Republic of China ("China"). Am. Compl. ¶¶ 23-39, ECF No. 8. Customs moves to dismiss for lack of subject

Court No. 11-00036                                                      Page 2

matter jurisdiction.[1] Mem. Supp. Def.'s Mot. Dismiss 3-4, ECF No. 16.

The court finds that Plaintiff's alleged claim under 28 U.S.C. § 1581(i) (2006) is time-barred. Accordingly, this case will be dismissed.

## BACKGROUND

C.B. Imports is an importer located in Puerto Rico. Am. Compl. ¶ 1. On September 20, 2002, C.B. Imports made entry[2] number 261-0419198-1, consisting of automotive safety glass from China. Am. Compl. ¶ 5; Mem. Supp. Def.'s Mot. Dismiss 1. Customs entered the goods on October 31, 2002, subject to an antidumping duty under case number A-570-867-000. Am. Compl. ¶ 9. The goods were entered at a duty rate of 124.50%, requiring C.B. Imports to make a $51,250.43 cash deposit. Id. ¶¶ 5-9. Customs liquidated[3] the entry on February 6, 2004 with a doubling of antidumping duties and then reliquidated the entry on February 27, 2004 to

---

[1] Customs, in the alternative, seeks dismissal for failure to state a claim. Mem. Supp. Def.'s Mot. Dismiss 3-4. However, because the court concludes that the Plaintiff's claim is time-barred, it does not reach the question of whether Plaintiff has stated a claim upon which relief can be granted.

[2] "'Entry' means that documentation required . . . to be filed with the appropriate Customs officer to secure the release of imported merchandise from Customs custody, or the act of filing that documentation." 19 C.F.R. § 141.0a(a) (2011).

[3] "*Liquidation* means the final computation or ascertainment of duties on entries for consumption or drawback entries." 19 C.F.R. § 159.1 (2011).

Court No. 11-00036                                                  Page 3

correct the erroneous doubling of duties. Id. ¶ 13; Mem. Supp. Def.'s Mot. Dismiss 2.

    C.B. Imports claims that its entry was actually subject to antidumping duty case number A-570-867-009, for which liquidations were suspended on July 31, 2003. Am. Compl. ¶¶ 11, 14.  In addition, the antidumping duty order for automotive safety glass from China was revoked on June 5, 2007. <u>Automotive Replacement Glass Windshields from the People's Republic of China</u>, 72 Fed. Reg. 31,052, 31,052 (Dep't Commerce June 5, 2007) (final results of sunset review and revocation of antidumping duty order) ("<u>Revocation Order</u>").  On August 24, 2009, C.B. Imports requested that, in light of the revocation, Customs refund its cash deposit. Am. Compl. ¶ 19.  Customs responded on August 26, 2009, informing C.B. Imports that it would not refund the deposit because the entry had already been liquidated. Id. ¶ 20.

    C.B. Imports initiated this action on February 17, 2011, asserting that the court has jurisdiction to hear its claim under § 1581(i). Am. Compl. ¶ 4.  Customs contends that C.B. Imports cannot assert § 1581(i) jurisdiction because it should have filed a protest of the liquidation and subsequently sought review of any denial of its protest under 28 U.S.C. § 1581(a)(2006). Mem. Supp. Def.'s Mot. Dismiss 3.  Customs also contends that C.B. Imports' claim under § 1581(i) is time-barred by the two year

Court No. 11-00036                                                Page 4

statute of limitations for such claims.[4] Id.; see also 28 U.S.C. § 2636(i) (2006).

**STANDARD OF REVIEW**

Whether jurisdiction exists is a question of law. See Sky Tech. LLC v. SAP AG, 576 F.3d 1374, 1378 (Fed. Cir. 2009). Because the Defendant has moved to dismiss for lack of jurisdiction, the court accepts as true the factual allegations in the Plaintiff's Amended Complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183, 191 (1984). However, the Plaintiff bears the burden of establishing jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991) ("A party seeking the exercise of jurisdiction in its favor has the burden of establishing that

---

[4] Because the court concludes that Plaintiff's alleged § 1581(i) claim is time-barred, it need not address the Defendant's other claimed basis for dismissal, that a § 1581(i) claim is barred because § 1581(a) provided an adequate, available remedy. See Volkswagen of Am., Inc. v. United States, 31 CIT 233, 236, 475 F. Supp. 2d 1385, 1389 (2007) ("Jurisdiction is not appropriate under § 1581(i) when 'another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate.'" (quoting Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987))). Section 1581(a) gives the court jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." 19 U.S.C. § 1581(a). When a plaintiff fails to protest a Customs duty and seeks review under § 1581(a), that plaintiff cannot then seek recourse under § 1581(i). Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1292 (Fed. Cir. 2008) ("[A plaintiff] cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i) unless such traditional means are manifestly inadequate." (internal quotation marks ommitted)); Shah Bros. v. United States,    CIT   , 770 F. Supp. 2d 1367, 1369-70 (2011).

Court No. 11-00036                                                    Page 5

such jurisdiction exists." (citing KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936))).

**DISCUSSION**

I. Plaintiff's alleged claim under 28 U.S.C. § 1581(i) is statutorily time-barred

The court has broad residual jurisdiction under § 1581(i) over actions challenging Customs' administration and enforcement of antidumping duty orders.[5]  However, C.B. Imports' alleged § 1581(i) claim is statutorily time-barred.

Actions brought pursuant to § 1581(i) must be brought "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).  C.B. Imports filed suit on February 17, 2011

---

[5] Section 1581(i) states in relevant part:

> In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)-(h) of this section . . . the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for--
>     (1) revenue from imports or tonnage;
>     (2) tariffs, duties, fees, or other taxes on importation of merchandise for reasons other than the raising of revenue;
>     (3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or
>     (4) administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

28 U.S.C. § 1581(i).

to challenge what it believes was the improper liquidation of its entry by Customs on February 27, 2004. Giving C.B. Imports the benefit of the doubt, the court will assume, *arguendo*, that the cause of action accrued when the antidumping duty order was revoked and C.B. Imports became eligible for the refund of its cash deposit. However, the notice of that revocation was published in the Federal Register on June 5, 2007.[6] Revocation Order, 72 Fed. Reg. at 31,052. Thus, C.B. Imports' alleged claim under § 1581(i) was time-barred as of June 6, 2009. See 28 U.S.C. § 2636(i).

## II. The Administrative Procedures Act does not offer an alternative basis for jurisdiction

C.B. Imports argues that it is not subject to the statute of limitations applicable to § 1581(i) claims because it has an independent cause of action under section 10 of the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 (2006). Mem. Supp. Pl.'s Opp'n Def.'s Mot. Dismiss 5, ECF No. 18. However, it is well established that the APA is not a jurisdictional statute. See Volkswagen of Am., 31 CIT at 235, 475 F. Supp. 2d at 1388. To hear an APA claim, the court must "have an independent basis for jurisdiction under 28 U.S.C. § 1581."

---

[6] Because a Federal Register publication is always constructive notice, see Isaac Indus. v. United States,    CIT   , 780 F. Supp. 2d 1372, 1375 & 1375 n.8 (2011), C.B. Imports cannot toll the statute of limitations based on lack of notice of the revocation.

Court No. 11-00036                                                   Page 7

Id.  As C.B. Imports cannot assert a timely claim under § 1581(i), as explained above, it also cannot assert a cause of action under the APA. See Royal United Corp. v. United States, ___ CIT ___, 714 F. Supp. 2d 1307, 1314 (2010) ("It is, of course, axiomatic that this Court exercises jurisdiction pursuant to Subsection 1581(i) to adjudicate a cause of action under the APA.").

## CONCLUSION

For the foregoing reasons, the court concludes that Plaintiff's alleged claim is time-barred.  The case must therefore be DISMISSED.  Judgment will be entered accordingly.

/s/ Donald C. Pogue  
Donald C. Pogue, Chief Judge

Dated: December 14, 2011  
      New York, New York

Slip Op. 11 - 156

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| C.B. IMPORTS TRANSAMERICA CORP., <br><br>            Plaintiff, <br><br>       v. <br><br> UNITED STATES, <br><br>            Defendant. | Before: Donald C. Pogue, Chief Judge <br><br> Court No. 11-00036 |

<u>JUDGMENT</u>

The court having heard and decided this matter, now in accordance with that opinion, Plaintiff's complaint is DISMISSED.

It is **SO ORDERED.**

                                         /s/ Donald C. Pogue
                                      Donald C. Pogue, Chief Judge

Dated: December 14, 2011
       New York, New York